## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| SEAN FRANCIS SCHAFFNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:19-cv-02093-TLP-tmp |
| v. | ) | |
| | ) | |
| WARDEN ANGELA OWENS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING PETITION UNDER 28 U.S.C. § 2241, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Sean Francis Schaffner[1] petitioned pro se for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition"). (ECF No. 1.) Respondent, Warden Angela Owens, responded to the petition. (ECF No. 12.) For the reasons below, the Court **DENIES** the § 2241 petition.

## BACKGROUND

### I.    Petitioner's Federal Criminal Cases

In 2010, a federal grand jury in South Carolina indicted Petitioner on three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and three counts of brandishing firearms during crimes of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See Schaffner v. United States*, No. 4:10-CR-00370-RBH-1, 2018 WL 3417501, at *1 (D.S.C. July 13, 2018). In

---

[1] Petitioner is an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"). His Bureau of Prisons register number is 20576-171.

Indiana, the United States charged Petitioner with one count of armed bank robbery, in violation

of

18 U.S.C. § 2113(a) and (d), and one count of brandishing a firearm during the Indiana bank

robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *Id.* The Southern District of Indiana

transferred its case to South Carolina. *Id.* In September 2010, Petitioner entered a written plea

agreement and pleaded guilty to two counts (one count from South Carolina and one count from

Indiana) of brandishing a firearm under 18 U.S.C. § 924(c). *Id.* As a result, the Court sentenced

Petitioner to thirty-two years' imprisonment. *Id.* He did not appeal. *Id.*

On July 7, 2016, Petitioner attacked the validity of his sentence under 28 U.S.C. § 2255

in the United States District Court in South Carolina. He argued that, because the Supreme

Court invalidated the residual clause (§ 924(c)(3)(B)) in *Johnson v. United States*, 576 U.S. 591

(2015), bank robbery is no longer considered a crime of violence under § 924(c). *Schaffner*,

2018 WL 3417501, at *1–2. The court denied relief and explained that Petitioner's § 924(c)

convictions are valid because they are predicated on § 2113(d) armed bank robberies, which are

crimes of violence under the "force clause" of § 924(c)(3)(A). *Id.* at *2. Petitioner sought an

appeal, but the Fourth Circuit Court of Appeals denied a certificate of appealability and

dismissed the appeal. *United States v. Schaffner*, 746 F. App'x 209 (4th Cir. 2018).

**II.     This § 2241 Petition**

Petitioner next petitioned under § 2241 Petition. (ECF No. 1.) He paid the case filing

fee. (ECF No. 5.) Respondent responded, and Petitioner did not reply. (ECF No. 12.)

As grounds for relief, Petitioner asserts: (1) his actual innocence; (2) that § 924(c)(3)(B)

is unconstitutionally vague under the residual clause; and (3) that bank robbery under § 2331(A)

is not a violent crime. ( ECF No. 1 at PageID 4–5.) He asks the Court to find that §

2

924(c)(3)(B) is unconstitutional in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  (*Id.* at

PageID 7.)  And Petitioner asks the Court to find that bank robbery under 18 U.S.C. § 2113(a)

does not qualify as a violent offense.  (*Id.* at PageID 7.)

Petitioner argues that he is actually and factually innocent.  (ECF No. 1-1 at PageID 11.)

He asserts that he only pleaded guilty to the § 924(c) counts so that he would not have to admit

to any other elements listed in the indictment (including the bank robberies).  (*Id.*)  Petitioner

claims that it is unclear which § 924(c) section applies.  (*Id.*)

## ANALYSIS OF PETITIONER'S CLAIMS

### I.      Standard for § 2241 Petitions

"Section 2255 is the primary avenue for relief for federal prisoners protesting the legality

of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in

which the sentence is served."  *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Section 2255's "savings clause" authorizes federal prisoners to seek relief under 28 U.S.C. §

2241, where "the remedy by motion is inadequate or ineffective to test the legality of his

detention."  28 U.S.C. § 2255(e).  "The circumstances in which § 2255 is inadequate and

ineffective are narrow . . . ."  *Peterman*, 249 F.3d at 461.  "[T]he § 2255 remedy is not

considered inadequate or ineffective simply because § 2255 relief has already been denied, or

because the petitioner is procedurally barred from pursuing relief under § 2255, or because the

petitioner has been denied permission to file a second or successive motion to vacate."  *Charles

v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (citations omitted).  The Sixth Circuit reserves

§ 2241 petitions for cases in which a prisoner is actually innocent.  *Peterman*, 249 F.3d at 461–

62.

Until recently, "[c]laims alleging 'actual innocence' of a sentencing enhancement [could not] be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012).  In *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016), the Sixth Circuit held that inmates can challenge their sentences under § 2241 if they can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect."  The third requirement is satisfied where

> (1) prisoners . . . [are] sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) . . . are foreclosed from filing a successive petition under § 2255, and (3) . . . a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599–600 (parallel citations omitted).

## II.     Analysis

Petitioner argues here that, based on *Dimaya*, the definition of a "crime of violence" under § 924(c)(3)(B) is unconstitutionally vague, and as a result, he is actually innocent of brandishing a firearm during a crime of violence.  (*See* ECF No. 1-1 at PageID 15–17.)  Respondent claims that this Court lacks jurisdiction over the § 2241 Petition under *Hill*.  (ECF No. 12 at PageID 50.)  Respondent argues that Petitioner's claim that the residual clause of §924(e)(2)(B)(ii) is unconstitutionally vague is itself a constitutional claim, not a statutory interpretation claim.  (*Id.* at PageID 51.)  Plus, Respondent notes that Petitioner already raised this same argument in his § 2255 motion, and that court denied relief.  (*Id.*)   Respondent argues that Petitioner has not shown that § 2255 is inadequate or ineffective.  (*Id.*)  And finally, Respondent argues that Petitioner's claim fails on the merits.  (ECF No. 12 at PageID 52–55.)

Petitioner challenges the designation of his conviction as a crime of violence. But his claim does not satisfy the requirements of *Hill* for several reasons. First, his challenge is constitutional, not statutory. Second, Petitioner's claim can be invoked in a § 2255 motion. Petitioner did, in fact, already raise this constitutional claim in a § 2255 motion. And finally, the court sentenced Petitioner after the Supreme Court's *Booker* decision in 2005.

The Sixth Circuit explains that "[s]erving a sentence under mandatory guidelines (subsequently lowered by retroactive Supreme Court precedent) shares similarities with serving a sentence imposed above the statutory maximum. Both sentences are beyond what is called for by law and both raise a fundamental fairness issue." *Hill*, 836 F.3d at 599 (citation omitted). The sentencing court here determined Petitioner's sentence post-*Booker*, when the guidelines were not mandatory. Thus, *Hill* does not provide a gateway for Petitioner to obtain relief from his sentence.

Petitioner relies on *Dimaya* to establish that bank robbery is not a crime of violence. In *Dimaya*, the court determined that the residual clause of 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act's definition of an aggravated felon, is unconstitutionally vague. *Dimaya*, 138 S. Ct. at 1213–1223. Section 16(b) is not at issue in the instant case. But the United States Supreme Court in *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019), held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Therefore, *Davis* applies to Petitioner's claim, if he can show that his conviction arose under the residual clause. This he cannot do.

Respondent notes that the grand jury indicted Petitioner for two different crimes: (1) taking money from two banks "by force and violence and by intimidation and by assaulting and putting in jeopardy the life of another by use of a firearm, in violation of 18 U.S.C. §§ 2113(a)

and (d)"; and (2) "knowingly using and carrying a firearm" during those bank robberies, in

violation of 18 U.S.C. § 924(c).  (ECF No. 12 at PageID 54); s*ee also* (*United States v.*

*Schaffner*, Case No. 4:10-cr-00963 (D.S.C. 2011), ECF No. 1-2); (*United States v. Schaffner*,

Case No. 4:10-cr-00370 (D.S.C. 2011), ECF No. 16.)  He pleaded guilty to the two counts of

brandishing a firearm under § 924(c) and admitted to using firearms during crimes of violence in

the plea agreements.  (ECF No. 12 at PageID 54.)

The Sixth Circuit in *Johnson v. United States* addressed whether a violation of 18 U.S.C.

§ 2113(a) constitutes a crime of violence, stating:

> This Court has already determined that § 2113(a), the underlying statute of conviction in this case, is divisible and that a violation involving force and violence or intimidation constitutes a "crime of violence" under § 924(c)'s force clause—not its residual clause—under the modified categorical approach.  *See United States v. Henry*, 722 F. App'x 496, 500 (6th Cir.); *see also United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (holding that a "[c]onviction for bank robbery under § 2113(a) requires proving that a defendant 'by force and violence, or by intimidation, takes, or attempts to take ... any property ... belonging to, or in the care, custody, control, management, or possession of, any bank' ").  In this case, Johnson failed to make a substantial showing that his convictions for the armed bank robberies of First Bank and American Savings, each of which involved brandishing a firearm, were not "based on elements of the bank robbery statute that clearly criminalize the use of force."  *See McBride*, 826 F.3d at 295.  Therefore, each of those convictions qualify as a crime of violence under § 924(c)'s force clause.

*Johnson v. United States*, No. 18-6080, 2019 WL 193916, at *2 (6th Cir. Jan. 4, 2019); *see*

*United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019) ("We have held that § 2113 bank

robbery—which, just like carjacking, requires that the robbery be committed 'by force and

violence, or by intimidation'—constitutes a crime of violence under both the Guidelines and

under § 924(c)'s elements clause"); *see Richardson v. United States*, 752 F. App'x 950, 951 (11th

Cir. 2019) (per curiam) ("Richardson's predicate offense of bank robbery is categorically a crime

of violence under the elements clause of section 924(c)"); *see also United States v. Hendricks*,

No. 15-2525-cr, 2019 WL 1560582, at *5 (2d Cir. Apr. 11, 2019) ("[T]his circuit, in a summary

order, and our sister circuits, in published opinions, have consistently held that federal bank

robbery by intimidation is a crime of violence under the force clause of various sentence

enhancement Guidelines and statutes. Indeed, every circuit to have addressed the issue has held

that bank robbery "by intimidation" under § 2113(a) involves the threatened use of physical

force and thus constitutes a crime of violence within the meaning of § 924(c)(3)(A)") (quotations

and footnotes omitted).

The predicate offense of bank robbery underlying Petitioner's convictions is categorically

a crime of violence under § 924(c)(3)(A).  Petitioner has not shown that he is actually or

factually innocent of a crime of violence.  And so, he is not entitled to relief under § 2241.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Petitioner's § 2241 petition.  The Court

shall enter judgment for the Respondent.

## APPELLATE ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging their federal

custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).  *Durham v.*

*U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x

44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to get a

certificate of appealability as a condition to obtaining review of the denial of his petition"); *see*

*Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require

a certificate of appealability for appeals from denials of relief in cases properly brought under §

2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917.  To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status under Fed. R. App. P. 24(a).  *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a)(4)–(5).

The Court determines that any appeal would not be taken in good faith and therefore **CERTIFIES**, under Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith.  The Court **DENIES** leave to appeal in forma pauperis.

**SO ORDERED**, this 20th day of November, 2020.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

8